UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                   **ORDER**
                                   Crim. No. 16-170 (01) (MJD/LIB)

Damien Charles Jones,

      Defendant.

_____

      Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

      Paul Engh, Counsel for Defendant.

_____

      The above-entitled matter comes before the Court on Defendant's

objections to the Report and Recommendation of Magistrate Judge Leo I. Brisbois

dated October 3, 2016.

      First, the Defendant objects to the recommendation that the Court deny his

motions to suppress evidence of searches and seizures and to suppress

statements.  Pursuant to statute, the Court has conducted a de novo review of the

record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on that review, the Court

adopts the Report and Recommendation and will deny Defendant's motions to

suppress evidence and statements

Second, the Defendant objects to the Order of the Magistrate Judge

granting in part and denying in part his motion for disclosure of informant

identities and reports.  In response to the Defendant's motion, the Magistrate

Judge denied disclosure of the identity of any informant the government will not

call as a witness at trial.  In making that determination, the Magistrate Judge

weighed the Defendant's right to information against the government's privilege

to withhold the identity of its informants.  United States v. Lapsley, 334 F.3d 762,

764 (8th Cir. 2003).  For those informants that will be called as a witness, the

Magistrate Judge ordered disclosure seven days prior to trial.

The Court must set aside or modify any part of a Magistrate Order that is

clearly erroneous or is contrary to law.  Based on its review of the record and the

submissions of the parties, the Court concludes that the Magistrate Judge's Order

is neither clearly erroneous or contrary to law.

The Defendant argues that disclosing the identity of the informant seven

days before trial is too late, and that the Court must review the informant reports

in camera before trial.  In support, the Defendant cites to United States v.

Lapsley, 263 F.3d 839 (8th Cir. 2001) (finding an in camera hearing is required

where the defendant has demonstrated that nondisclosure of confidential

informant is prejudicial to defense).  Here, the Defendant has not made a

showing that nondisclosure of nontestifying informants is prejudicial to the

defense, or that disclosure of testifying informants should take place more than

seven days before trial.  Accordingly,

IT IS HEREBY ORDERED:

1.   Defendant's Motion to Suppress Evidence of Searches and Seizures

[Doc. No. 22] is DENIED;

2.   Defendant's Motion to Suppress Statements [Doc. No. 23] is

DENIED; and

3.   The Magistrate Judge's Order granting in part and denying part

Defendant's Motion for Disclosure is AFFIRMED.

Date: December 16, 2016

s/ Michael J. Davis
Michael J. Davis
United States District Court